UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TONYA S. G.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW SAUL,[2] Commissioner, Social Security Administration, <br><br> Defendant. | CIV. 17-5021-JLV <br><br> ORDER |

**INTRODUCTION**

The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 20 at p. 19). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for plaintiff, timely moved for an award of attorney's fees and expenses. (Docket 23). The motion seeks an

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

[2]Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

award of $12,877.88 in attorney's fees, court costs of $400 and expenses of $837.06 in state and local sales tax. Id. at p. 1. Although Ms. Ratliff listed 94.09 hours on her log, she recognizes that number is large and seeks compensation for 70.56 hours. (Dockets 24-2 at p. 4). The Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation. (Docket 25). For the reasons stated below, plaintiff's motion is granted.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $182.50, after factoring in the cost of living adjustment permitted by the EAJA. (Docket 24-1 ¶ 5). The Commissioner does not object to the hourly rate requested. (Docket 25 at p. 1). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $182.50 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to no more than 60.56 hours. (Docket 25 at p. 4). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. (references omitted).

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the

2

proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing plaintiff were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). After reviewing Ms. Ratliff's time log (Docket 23-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper. Those reductions ultimately do not impact Ms. Ratliff's attorney's fee request as her self-imposed 25 percent reduction to 70.56 hours is less than the total hours she reasonably expended on the case.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF"); (3) preparing plaintiff's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper. The time spent developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court are compensable under EAJA. Administrative activities, including time consulting with the client, and time which should otherwise have been performed by a legal secretary prior to the filing of the complaint must be removed from EAJA

3

consideration. See Stickler v. Berryhill, Civ. 14-5087, 2017 WL 4792220, at *2 (D.S.D. Oct. 23, 2017). The court finds 1.5 hours compensable. See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 39.75 hours preparing the JSMF in this case. (Docket 24-2 at pp. 1-2). The Commissioner contends the proposed initial JSMF of 94 pages "far exceeded the proposed statements typically prepared by other attorneys in their cases, which generally are no more than 20 or 30 pages." (Docket 25 at p. 3). "[T]he Commissioner submits that it is reasonable to reduce the . . . hours Plaintiff's counsel billed for reviewing the record and preparing her initial proposed statement by . . . 10 hours." Id. at pp. 3-4. "The Commissioner does not challenge the 5.0 hours billed from September 1, 2017, through September 22, 2017, for reviewing the Commissioner's proposed revisions and subsequently filing the [JSMF] with the Court." Id. at p. 4 n.1.

This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 12 at pp. 1-2). In this case the administrative record was 1,282 pages in length and involved a variety of complex medical issues. See Dockets 20, 24-2 at p. 2 and 26 at p. 3. Due to the lengthy and intricate administrative record, the JSMF was substantial, totaling 93 pages, with an additional six pages of a glossary of prescription medications and medical terminology. (Docket 14). Due to the level of detail the court requires of attorneys when submitting the JSMF, and the size of the administrative record, the court finds Ms. Ratliff reasonably expended 34.75 hours preparing the

4

JSMF in the case. See Stickler, 2017 WL 4792220, at *2. Again, the Commissioner does not object to the 5 hours expended by Ms. Ratliff in making the defendant's requested revisions and filing the JSMF with the court. (Docket 25 at p. 4 n.1).

As for the third category of time, Ms. Ratliff spent 23.25 hours preparing plaintiff's motion and accompanying brief to reverse the decision denying her benefits. (Docket 24-2 at p. 3). Because of the complex nature of the plaintiff's challenges to the Commissioner's decision, the court finds 23.25 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is an appropriate amount of time given the facts and complexity of the case. See Stickler, 2017 WL 4792220, at *3.

Ms. Ratliff spent 22.75 hours reviewing the Commissioner's responsive brief and preparing plaintiff's reply brief. (Docket 23-1 at p. 3). The court finds this to be an excess amount of time to prepare a responsive brief. It appears based on Ms. Ratliff's log entries that a significant portion of her time was spent doing activities traditionally assigned to a secretary or other staff member. The court finds 10.5 hours to be an appropriate amount of time given the facts and complexity of plaintiff's case. See Stickler, 2017 WL 4792220, at *3.

The final category of time is the 1.75 hours Ms. Ratliff spent preparing the motion for attorney's fees. (Docket 24-2 at p. 4). The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent

applying for the EAJA fee award.  Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990).  Ms. Ratliff is entitled to recover the 1.75 hours requested.  See Dillon, 2017 WL 4792226, at *3.

The court finds a total of 76.75 hours were reasonably expended by Ms. Ratliff and in line with the complexity of this case.  However, Ms. Ratliff only seeks an award for a total of 70.56 hours of her work, for a total attorney's fee award of $12,877.88.  (Dockets 24-1 at p. 2 and 24-2 at p. 4).  No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).[3]

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted.

IT IS FURTHER ORDERED that plaintiff is awarded $13,714.94 comprised of $12,877.88 in attorney's fees and $837.06 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

---

[3]On April 18, 2017, the court authorized plaintiff to proceed on an *in forma pauperis* basis.  (Docket 5).  The court further ordered that "[a]ny recovery in this action by [plaintiff] shall be subject to the payment of costs and fees, including the $400 filing fee."  Id.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated December 4, 2019.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE